PANHANDLE & S. F. RY. CO. et al. v.
BROWN. (No. 1227.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 24, 1917.)

CARRIERS ☞230(12) — CARRIAGE OF LIVE
STOCK—INJURIES IN TRANSIT.

In an action for damage to a shipment of
cattle from delay in transit, and from furnishing a car defectively bedded with cinders, which
caused the cattle to have sore feet, the court
properly refused to give defendant's special
charge that the jury should not consider the
alleged shrinkage in weight of the cattle, because it was not shown that they sustained any
damage by reason of shrinking in weight for
which defendant was liable; there being evidence that the cattle were delayed at various
points, and that they were loaded into a car bedded with cinders, which resulted in making
their feet so sore that they could not stand to
eat, resulting in shrinkage of weight.

Appeal from Hale County Court; Charles
Clements, Judge.

Action by T. H. Brown against the Panhandle & Santa Fé Railway Company and
others. From a judgment for plaintiff, defendants appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, Madden, Trulove, Ryburn & Pipkin, of Amarillo,
and L. R. Pearson, of Plainview, for appellants. Mathes & Williams, of Plainview, for
appellee.

HALL, J. Appellee Brown sued the appellants to recover damages alleged to have
accrued to a shipment of 68 cattle from
Plainview, Tex., to Kansas City, Mo. The
damages are alleged to have resulted from
unreasonable and negligent delay in transit,
and from furnishing one car defectively bedded with cinders, which caused the cattle
loaded in said car to have sore feet, forcing
them to lie down. It is further alleged that
the cattle were kept in the cars for more
than 36 hours without being unloaded for
feed, water, and rest, and were held in the
cars after their arrival at Kansas City for
several hours longer than was necessary. A
trial before a jury resulted in a verdict in
favor of appellee for $240.

The first assignment of error is based upon
the court's refusal to give appellant's special
charge to the jury, to the effect that in arriving at a verdict the jury should not consider
the alleged shrinkage in weight of the cows
because under the evidence it was not shown
that said cows sustained any damage by
reason of shrinkage in weight, for which the
defendants were liable. The proposition urged under this assignment is that plaintiff is
not entitled to recover damages for such
shrinkage because the evidence shows that
the only delay to which the cows were subjected in transit was at the request of plaintiff, and that but for such request the cows
would have arrived at Kansas City on time.
The proposition and assignment do not present the same issue, but reference to the

statement of facts shows that both the assignment and proposition enlarging it must
be overruled. There is evidence in the record to the effect that the cattle were delayed at Amarillo 6 or 7 hours without being
unloaded, and that a delay of from 1 to 2
hours occurred at Emporia. The proof is
clear that the delay from Plainview to Kansas City was something over 20 hours; that
they were unloaded at Emporia at 3 a. m.
Sunday, and reloaded about 6 p. m., and did
not leave Emporia until about 8:30 p. m.
The evidence further shows that some of the
cattle were loaded into a car which was bedded with cinders, and that this resulted in
making their feet so sore they could not
stand and eat. The uncontroverted proof is
that while in the pens at Emporia they were
lying down most of the time; that on account
of sore feet were not able to stand up long
enough to eat the feed given them. This, of
course, resulted in shrinkage in weight, and
affected their appearance when they reached
the market. We think the charge of the
court is a fair presentation of the case, and
that no error was committed in refusing the
special charges asked.

Without discussing the assignments in detail, we think a proper verdict has been
reached, and the judgment is therefore affirmed.